# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 23-05510 |
| Nazar Cholach ) | Honorable Timothy A. Barnes |
| ) | Chapter 13 |
| Debtor(s) ) | |

## NOTICE OF MOTION

TO: **Thonmas H. Hooper,** Chapter 13 Trustee, 55. E. Monroe Street, Suite 3850, Chicago, Illinois 60603.

**David Freydin**, Chapter 13 attorney for Nazar Cholach, Law Offices of David Freydin, Ltd, 8707 Skokie, Illinois 60077.

**Law Office of Wendy Morgan,** 1845 E Rand Road, suite 211, Arlington Heights, Illinois 60004

See Attached List.

Please take notice that on 06/01/2023 at 9:30 A.M. I shall appear before the Honorable Judge Timothy A. Barnes, or any judge sitting in his stead, in Courtroom 744, the Courtroom usually occupied by him in the Everett McKinley Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois 60604, and present a Motion For Sanctions and you may appear if you so choose.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he sent the attached motion on May 12, 2023 to:

**Thonmas H. Hooper,** Chapter 13 Trustee, 55. E. Monroe Street, Suite 3850, Chicago, Illinois 60603 via electronic court communication.

**David Freydin**, Chapter 13 attorney for Nazar Cholach, Law Offices of David Freydin, Ltd, 8707 Skokie, Illinois 60077 via electronic court communication.

**Law Office of Wendy Morgan,** 1845 E Rand Road, suite 211, Arlington Heights, Illinois 60004, via US mail.

*/s/ Fedor Kozlov*
Attorney for Nazar Cholach
Law office of Fedor Kozlov, P.C.
1990 E. Algonquin Road, suite 100
Schaumburg, Illinois 60173
A RDC: 6301810

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 23-05510 |
| Nazar Cholach | ) | Honorable Timothy A. Barnes |
| | ) | Chapter 13 |
| Debtor(s) | ) | |

**DEBTOR'S MOTION FOR SANCTIONS
PURSUANT TO 11 U.S.C. § 362(K)**

NOW COMES Nazar Cholach, the Debtors, by and through their attorney, Law Offices of Fedor Kozlov and moves this Honorable Court to award Damages to Debtor pursuant to 11 U.S.C. § 362(k) against Law Office of Wendy Morgan and in so moving, Debtor states as follows:

1. On December 14, 2022, an Order of Adjudication of Indirect Civil Contempt against Nazar Cholach ("Debtor)" **Exhibit A.**

2. On January 17, 2023, an Attachment for Contempt Order was issued against Debtor. **Exhibit B.**

3. On February 22, 2023, a default judgment was issued against Debtor. **Exhibit C.**

4. Debtor appealed all aforementioned orders and the appeals are currently pending with the Appellate Court of Illinois First District.

5. The State Court denied Debtor's plea to stay the execution and, there is currently an active warrant for his arrest registered with the Cook County Sheriff.

6. On April 26, 2023, Debtor filed for Chapter 13 a relief under Chapter 13 Title 11 U.S.C with Illinois Northern Bankruptcy Court. **Exhibit D**.

7. The aforementioned petition listed The Law Office of Wendy Morgan as an unsecured creditor on Schedule E as a Priority Unsecured Creditor of the Bankruptcy petition and they were properly noticed by the Court. **Exhibit E.**

8. The aforementioned Schedule E with proper notice by the Court was sufficient to convey knowledge of Debtor's bankruptcy to Law Office of Wendy Morgan. *See Will v. Ford Motor Credit Co., (in re Will),* 303 B.R. 357, 364 (Bankr. N.D.Il 1. 2003)("[U]nofficial oral or written notice of a bankruptcy filing is legally sufficient to convey knowledge of the automatic stay").

9. Despite notice of the Bankruptcy, The Law Office of Wendy Morgan violated the automatic stay by refusing to voluntary dismiss an ongoing warrant for arrest against the Debtor and proceeded with a Petition for Entry of Agreed Consent Judgment for Attorneys' Fees and Costs. **Exhibit F.**

10. On April 27, 2023, The Law Firm of Wendy Morgan entered an Agreed Consent Order for Attorney's Fees and Costs. **Exhibit G.**

11. The Agreed Consent Order for Attorney's Fees and Costs requires the client of The Law Office of Wendy Morgan to pay $65,428.71 in attorney's fees and costs.

12. The aforementioned amount includes $29,909.00 of a total $32,409.00 that was previously entered against Debtor and is a part of the contempt order.

13. Furthermore, as a result of Wendy Morgan's petition, the Sate Court awarded a judgment in favor of The Law office of Wendy Morgan for attorneys' fees and costs of $65,428.71 against her client with a credit for any fees which the Court ordered the Debtor to contribute.

14. Moreover, in paragraph four (4) of the order the Court allowed The Law Office of Wendy Morgan to lien certain property that belongs to the Debtor and ordered <u>to sell the property within 90 days of the order.</u>

15. In paragraph five (5) of the order, the Court allowed the judgment of $65,428.71 to be recorded against the marital estate.

16. Debtor's name is listed on the deed and mortgage to the aforementioned property.

17. Finally, the Court further stated that such order "is immediately enforceable."

18. The Law Office of Wendy Morgan filed this petition after it received the notice of bankruptcy.

19. The Agreed Consent Order was entered after the Law Office of Wendy Morgan received a notice of bankruptcy.

20. Even though the State Court entered a Judgment against the client of the Law Office of Wendy Morgan it purports to collect against the Debtor and violates the automatic stay.

21. The Law Office of Wendy Morgan should immediately file a motion to dismiss the Order of Contempt and Recall the Body Attachment against the Debtor and Vacate any judgment that was entered against the Debtor after the date of filing for chapter 13 bankruptcy.

22. An automatic stay violation is willful if the creditor (1) had actual knowledge of the debtor's bankruptcy case, and (2) committed a deliberate act against the debtor despite said knowledge. *In re Will*, at 363.

23. Here, Law Office of Wendy's conduct constitutes a willful violation of 11 U.S.C. § 362(k) as they were first given notice on April 26, 2023 of Debtor's bankruptcy.

24. The very next day Law Office of Wendy Morgan entered an Agreed Consent Order for Attorney's Fees and Costs, and obtain to place a lien against certain properties of the Debtor.

25. Despite the notice of the bankruptcy, The Law Office of Wendy Law Office of Wendy Morgan have refused to comply with the automatic stay and continued with the attempt to collect $65,428.71 from the Debtor.

26. That Debtor has actual damages from The Law Office of Wendy Morgan's willful stay violation in the amount of the attorney's fees associated with counsel's drafting of this Motion and preparation and attendance at the hearing.

27. Additionally, Debtor seeks punitive damages for The Law Office of Wendy Morgan's conduct.

28. The Bankruptcy Court for the Northern District of Illinois has found that punitive damages are appropriate to penalize creditors for willful violations of the automatic stay. *In re Sumpter*, 171 B.R. 835, 845 (Bkrtcy.N.D.Ill.1994).

29. In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, at 845 (citing *In re M.J. Shoearama*, 137 B.R. 182(Bankr.W.D.Pa.1992)).

30. The nature of The Law Office of Wendy Morgan's conduct here, is a willful violation of the automatic stay as they have actual knowledge of the Bankruptcy and continued to violate the automatic stay.

31. The Law Office of Wendy Morgan has the ability to pay punitive damages.

32. Debtor has done nothing to provoke The Law Office of Wendy Morgan after the bankruptcy was filed.

33. According to Wendy Morgan's own statements The Law Office of Wendy Morgan dealt with bankruptcies before, and thus should have knowledge of bankruptcy laws and procedures.

34. Finally, Debtors' counsel is also entitled to attorneys' fees, pursuant to § 362(k).

WHEREFORE, Debtor, prays this Honorable Court for the following relief:

A. That The Law Office of Wendy Morgan be ordered to dismiss the order of contempt, recall the body attachment against the Debtor and vacate the Agreed Consent Order.

B. That The Law Office of Wendy Morgan be ordered to pay Debtor's counsel attorney's fees, in an amount to be proven up;

C. That The Law Office of Wendy Morgan be ordered to pay Debtors punitive damages in an amount to be set by this Honorable Court; and

D. For such other and further relief this Court deems just and proper.

          Respectfully Submitted,

          */s/ Fedor Kozlov*
          Attorney for Nazar Cholach
          Law office of Fedor Kozlov, P.C.
          1990 E. Algonquin Road, suite 100
          Schaumburg, Illinois 60173
          ARDC: 6301810