**EXHIBIT**

**A**

tabbies

4210 - Held In Contempt Of Court - Allowed
4437 - Law Enforcement Agency to Comply - Allowed
4676 - Party to Purge - Allowed
4309 - Bond Set At - Allowed
9203 - Stay Of Execution
4436 - Clerk's Office to Comply - Allowed

(Rev. 12/01/20) CCDR 0035 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

THE MARRIAGE/CIVIL UNION OF

**YARYNA CHOLACH**

                              PETITIONER

AND

**NAZAR CHOLACH**

                              RESPONDENT

NO: **2019D230474**

CALENDAR: _____

### ORDER OF ADJUDICATION OF INDIRECT CIVIL CONTEMPT FOR
### FAILURE TO PAY CHILD SUPPORT AND/OR ORDER OF COMMITMENT

This cause being heard this date pursuant to a rule to show cause directed to ☐ Petitioner ☒ Respondent to show cause, if any s/he has, why s/he should not be found in indirect civil contempt and sanctioned forthwith, for failure to comply with the Court's order entered on _November 03, 2022 and 11/09/22_, directing ☐ Petitioner ☒ Respondent to pay interim fees, 508(b) fees, and daycare arrearages as heretofore set by the Court;

And the Petitioner appearing:
☒ in person and ☒ with counsel, and Respondent not appearing but having ☐ in person and ☒ counsel; in violation of the December 02, 2022 Order requiring him to appear in person
And the Court, having heard the testimony of the parties and witnesses, together with all pleadings, exhibits, and arguments of counsel, and being fully advised in the premises, hereby finds that:

1.  The Court has jurisdiction of the parties and subject matter;

2.  On the **3rd and 9th** day of _____November_____, **2022**, this Court entered orders directing the
    ☐ Petitioner ☒ Respondent to pay interim fees, 508(b) fees, daycare arrearages in the amount of $ 32,409.00
    in full, $29,909.00 by November 14, 2022 and $2,500.00 by December 01, 2022.

3.  As of the **13th** day of _____December_____, **2022**, Respondent is $ 32,409.00
    in arrears of these payments pursuant to said orders as herein set forth;

4.  The ☐ Petitioner ☒ Respondent has not given any legally sufficient reasons for failure to comply with said order, even though he had, and still has, the means to comply with said payment order, and that his/her failure to comply with said order is willful and contumacious;

5.  The conduct of the ☐ Petitioner ☒ Respondent has defeated and impaired the rights and interests of the ☒ Petitioner ☐ Respondent and has further impeded and obstructed the Court in its administration of justice; and

(OVER)

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(Rev. 12/01/20) CCDR 0035 B

**IT IS THEREFORE ORDERED AND ADJUDGED that the ☐ Petitioner ☒ Respondent :**

4210 ☒ Is hereby found and declared to be in indirect civil contempt of Court for willful failure to obey the Court's order as herein stated;

4437, 4676  ☒ Is ordered committed to the Cook County Jail, there to remain until s/he shall have purged her/himself of
4309  contempt by posting $ 32,409.00 ___ cash bond and/or by paying via cashiers check payable to Petitioner's counsel the sum of $32,409.00.

or until he is otherwise discharged by due process of law.

9203, 4676  ☒ Commitment is stayed until December 16 _____ 2022 at noon, ☐ Petitioner ☒ Respondent may purge the contempt by posting $ 32,409.00 _____ with the Clerk of the Circuit Court or by paying via cashier's check payable to Petitioner's counsel in the amount of $32,409.00 prior to noon on 12/16/22 and both counsel have signed a written stipulated order submitted to the Court prior to noon on 12/16/22 that the purge has been paid.

4436  ☒ The Clerk of the Court is directed to prepare a certified copy of this Order and submit same to the Sheriff of Cook County.

~~☒ Is Ordered to appear in Room 203 of the Skokie Courthouse, 2nd Municipal District, with his counsel on 12/16/22 at 12:00PM, unless he has already paid his above purge payment in full to Petitioner's counsel beforehand and both counsel sign a written stipulation Order that the purge is paid and submit it to the Court prior to 12:00PM on 12/16/22. Petitioner and her counsel's appearance is waived for the 12/16/22 Court appearance. Respondent shall also appear in person in Court on 01/18/23 at 11:00AM for the hearing set for that day.~~

*Both attorneys shall notify the Court by noon on 12/16/22 if the purge has been paid by the Respondent—*

Atty. No.: 70297

Name: Attorney Wendy R. Morgan

Atty. for: Petitioner

Address: 1845 E. Rand Road Suite 211

City/State/Zip: Arlington Heights, IL, 60004

Telephone: 847-259-5700

Entered: 12/14/22

*[signature]* 1965

Judge                                       Judge's No.

**ENTERED**
Judge Jeanne Reynolds-1965

DEC 1 4 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

4210 - Held In Contempt Of Court - Allowed
4437 - Law Enforcement Agency to Comply - Allowed
4676 - Party to Purge - Allowed
4309 - Bond Set At - Allowed
9203 - Stay Of Execution
4436 - Clerk's Office to Comply - Allowed                              (Rev. 12/01/20) CCDR 0032 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  THE MARRIAGE/CIVIL UNION OF

YARYNA CHOLACH
_____  **PETITIONER**           NO: 2019D230474
              AND
                                                          CALENDAR: _____
NAZAR CHOLACH
_____
                        **RESPONDENT**

### ORDER OF ADJUDICATION OF INDIRECT CIVIL CONTEMPT AND / OR
### ORDER OF COMMITMENT

This cause being heard this date pursuant to a rule to show cause directed to

Nazar Cholach
_____ (hereinafter "contemnor") to show cause, if any s/he has,
              (name)

why s/he should not be found in indirect civil contempt and sanctioned forthwith, for failure to comply with the Court
orders entered on 11/03/22 and 11/09/22 _____, directing contemnor to pay interim attorney's fees, 508(b) fees,
and daycare arrearages totaling $32,409.00

And the Petitioner/Respondent appearing:                        *despite order*
☑ In person and ☑ with counsel, and the contemnor not appearing   ☐ in person and ☑ but having counsel appear
~~in violation of the December 02, 2022 Order requiring him to appear in person~~
~~And the Court, having heard the testimony of the parties and witnesses, together with all pleadings, exhibits, and~~
~~arguments of counsel, and being fully advised in the promises, hereby finds that:~~

1.   The Court has jurisdiction of the parties and subject matter;

2.   On the 3rd & 9th day of November _____, 2022 _____ this Court entered orders directing the
     contemnor to pay interim attorney's fees, 508(b) fees, daycare arrearages in the amount of $32,409.00
     _____
     _____

3.   As of the 13th day of December _____, 2022 _____, contemnor has failed to: pay
     Interim attorney's fees, 508(b) fees, daycare arrearages in the amount of $32,409.00
     _____
     _____

                                                                              (OVER)

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 12/01/20) CCDR 0032 B

4. The contemnor has not given any legally sufficient reasons for failure to comply with said order, even though s/he had, and still has, the means to comply with said order, and that contemnor's failure to comply with said order is willful and contumacious;

5. The conduct of the contemnor has defeated and impaired the rights and interests of the Petitioner/Respondent and has further impeded and obstructed the Court in its administration of justice; and

**IT IS THEREFORE ORDERED AND ADJUDGED that the contemnor:**

4210  ☑ Is hereby found and declared to be in indirect civil contempt of Court for willful failure to obey the Court's order as herein stated;

4437  ☑ Is ordered committed to the Cook County Jail, there to remain until s/he shall have purged him/herself of contempt by:

Paying via cashier's check payable to Petitioner's counsel in the amount of $32,409.00 prior to noon on 12/16/22

and both counsel have signed a written stipulated order submitted to the Court prior to noon on 12/16/22

that the purge has been paid.

9203  ☑ Commitment is stayed until ___Noon, December 16___ , __2022__  he purges the contempt by
4676

posting $ __32,409.00__ with the Clerk of the Circuit Court or paying via cashier's check payable to Petitioner's counsel in the amount of $32,409.00 prior to noon on 12/16/22.

4436  ☒ The Clerk of the Court is directed to prepare a certified copy of this Order and submit same to the Sheriff of Cook County.

~~☑ Respondent is ordered to appear in person in Room 203 of the Skokie Courthouse, 2nd Municipal District, with his counsel of 12/16/22 at Noon, unless he has already paid his above purge payment in full to Petitioner's counsel beforehand and both counsel sign a written stipulation order that the purge is paid and submit it to the Court prior to noon on 12/16/22 Court appearance. Respondent shall also appear in person in Court on 1/18/23 at 11:00AM for hearing set for that day; Petitioner and her counsel's appearance is waived for the 12/16/22 Court appearance.~~

*Both attorneys shall notify the court by noon on 12/16/22 if the purge has been paid by the Respondent.*

Atty. No.: 48889
Name:  Law Office of Fedor Kozlov, P.C.

Atty. for:  Respondent

Address:  1990 E. Algonquin Road, Suite 100

City/State/Zip:  Schaumburg, Illinois 60173

Telephone:  847-241-1299

Entered: __12/14/22__

_____      _____
Judge                Judge's No. 1965

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**ENTERED**
Judge Jeanne Reynolds-1965
DEC 14 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

**Summons issued**

(This Form Replaces CCM1-31B and CCMD-31A)

FILED

(Rev. 12/01/20)    CCM 0620 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

1/17/2023 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

YARYNA CHOLACH

vs.

NAZAR CHOLACH

                                    Respondent

NO.  2019D230474

CITATION SUMMONS SERVED: _____

                                                Date

### ATTACHMENT FOR CONTEMPT ORDER

To the Sheriff of Cook County: YOU ARE COMMANDED to enter this matter into the leads system so no delay may be made in the apprehension of said Respondent, Nazar Cholach. The $60.00 (Sixty Dollar) Sheriff Fee for a Body Attachment is waived.

        YOU ARE COMMANDED to take custody of Respondent, NAZAR CHOLACH _____,

and if not released from your custody upon his/her bond, to immediately bring him/her before the Honorable

Jeanne Reynolds _____ or any Judge presiding in that Judge's stead in Room  203    ,

5600 Old Orchard Road, Skokie, Illinois 60077 , Illinois to answer for a Contempt of Court for failure to pay interim

attorney's fees, 508(b) fees, and daycare arrearages totaling $32,409.00 (Thirty Two Thousand, Four Hundred, & Nine Dollars).

        You are authorized to take respondent to one of the Sheriff's facilities for the purpose of accepting bond, and to require his/her appearance in court at a specified date and time not less than 7 nor more than 15 days after attachment. Such appearance date, time and address shall be set forth upon the bond.

        You are to serve this writ and return it without delay.

                        Bail set in the amount of $ 32,409.00
                                    (10% applicable - $25.00 minimum)

                                    or

                        Individual Bond set in the amount of $ 32,409.00

(Seal of Clerk of Circuit Court)      _____
                                    Judge                    Judge's No.

                                    I hereby certify the above to be correct.

This order is the command of the Circuit Court and    Dated: _____
violation thereof is subject to the penalty of the law.

                                    _____
                                    Clerk of the Circuit Court of Cook County, Illinois

TO THE RESPONDENT: If you are released on bond, you shall appear in Room  203    ,  5600 Old Orchard

Road, Skokie    , Illinois, at _____ a.m./p.m. on _____, _____ (Date to be inserted by Sheriff.)
The above information shall be noted on the bond of the respondent and the copy of this writ delivered to him/her.

Atty. No.: 70297
Name: The Law Firm of Wendy R. Morgan
Attorney for: Petitioner, YARYNA CHOLACH
Address: 1845 East Rand Road, Suite 211
City/State/Zip: Arlington Heights, IL 60004
Telephone: (847) 259-5700

If the respondent is apprehended in a county other than Cook County and is let to bail, the bond, writ and cash bail deposite shall be forwarded without delay to the offices of Clerk of the Circuit Court, Room  203    , in Municipal District  2   ,
located at  5600 Old Orchard Road
                        (Address)
_____ Skokie    , Illinois   60077
        (City)                    (Zip)

### IRIS MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL



EXHIBIT
B



EXHIBIT

C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-DOMESTIC RELATIONS DIVISION

Atty. No. 70297

IN RE: THE MARRIAGE OF )
YARYNA CHOLACH, )
        Petitioner, )
and )      Case No. 2019 D 230474
)
NAZAR CHOLACH, )
      Respondent. )

### DEFAULT JUDGMENT FOR DISSOLUTION OF MARRIAGE

THIS CAUSE COMING to be heard for entry of the Judgment for Dissolution of Marriage, Petitioner, YARYNA CHOLACH, (hereinafter "YARYNA"), by and through her attorneys, THE LAW FIRM OF WENDY R. MORGAN, and the Respondent, NAZAR CHOLACH (hereinafter "NAZAR"), being represented by the Law Office of Fedor Kozlov, was found to be in default on January 19, 2023. A Military Affidavit was filed with this Court and NAZAR is not in the military service. The Court having heard testimony of the Petitioner, YARYNA CHOLACH, the Court accepting evidence, being fully advised on the premises and having considered and provided for the matters of maintenance, division of assets, disposition of property, child support, child contributions and all other issues affecting the marital estate:

**THE COURT HEREBY FINDS:**

1.    YARYNA is and has been a resident of the State of Illinois, Cook County, since the filing of her Petition for Dissolution of Marriage and for more than ninety (90) days immediately preceding the findings on the hearing of this cause.

2.    The parties hereto were lawfully joined in marriage on June 18, 2005 in the City of Lviv, Ukraine and thereafter lived as Husband and Wife until October 21, 2019.

3.    There is no Petition for Dissolution of the parties' Marriage pending in any other county or state.

4.    As a result of this marriage, two (2) MINOR CHILDREN were born to the parties, namely, MARYANA CHOLACH, born January 24, 2006 who is currently seventeen (17) years old, and ZLATA CHOLACH, born June 8, 2016, who is currently six (6) years old, (hereinafter MINOR CHILDREN). No other MINOR CHILDREN were born or adopted by the parties and YARYNA is currently not pregnant.

5.     Unfortunate and irreconcilable differences have arisen which have caused an irretrievable breakdown of the marriage which cannot be cured. All attempts to cure said breakdown have been unsuccessful such that future attempts to reconcile would be futile and not in the best interests of the parties or their family.

6.     Based on the Military Affidavit signed and filed by YARYNA, the Court finds that NAZAR is not in the military service (Military Affidavit is attached as **Exhibit "A"**).

7.     NAZAR CHOLACH (hereinafter "NAZAR"), being represented by the Law Office of Fedor Kozlov, was found to be in default on January 19, 2023. On the Motion of YARYNA, an Order of Default has been entered against NAZAR on January 19, 2023, a copy of the Order or January 19, 2023 is attached hereto as **Exhibit "B"**. NAZAR was required to vacate the Marital residence at 2500 Windsor Mall Dr. Unit 1A by October 4, 2022 pursuant to the September 19, 2022 Court order and NAZAR did vacate the marital residence. YARYNA currently has exclusive possession of the marital residence where she resides with the two MINOR CHILDREN of the parties since on October 4, 2022.  Currently there is a body attachment in full force and effect against NAZAR for his contemptuous conduct for which Judgment has already entered. NAZAR has failed to purge his contempt for which body attachment orders were entered on January 19, 2023 and which shall remain in full force and effect. The body attachments are attached as **Exhibit "C"**.

8.     YARYNA was awarded sole parental allocation of parenting of the two MINOR CHILDREN on November 9, 2022, and a Judgment for Allocation of Parental Responsibilities was entered by separate Order. YARYNA also has sole decision making of the two MINOR CHILDREN in accordance with that Judgment. NAZAR has not participated in any decision making and he has failed to exercise any parenting time with the two MINOR CHILDREN since September 2022 and has shown no interest in parenting the MINOR CHILDREN and participating in their lives.

9.     NAZAR was obligated by Court order to pay and contribute to childcare, daycare and before the aftercare and related expenses. NAZAR willfully failed to pay childcare, was held in Contempt per the November 3, 2022 and November 9, 2022 Court order. Judgment was entered against him for the $4,909.00 for child care arrearages he owes to YARYNA which Judgment remains in full force and effect with statutory interest to accrue since the date of the Judgment.

10.    NAZAR earns significantly more income than does YARYNA and he should be required to pay 75% YARYNA should be both required to pay 25% of all daycare and childcare, camps and all related expenses to them for the two MINOR CHILDREN of the parties.

11.    NAZAR should be required to pay 75% and YARYNA should be required to pay 25% of all expenses of the MINOR CHILDREN not covered by insurance including but not limited to uncovered medical and dental expenses. This includes but is not limited to ordinary and extra-ordinary medical. dental, orthodontic, optometric, ophthalmological, therapy, counseling, psychiatric, prescription expenses and all other related expenses of the MINOR CHILDREN of the parties until each child graduates' high school, but in the event a child attends post high school education, then the obligation shall continue until each child completes post high school education or attains a baccalaureate degree, whichever occurs first.

12.    NAZAR should also be required to pay 75% and YARYNA should be required to pay 25% of all extra-curricular activities of the 2 MINOR CHILDREN of the parties, and also including all field trips, camps, sports, music lessons and all other lessons, all instruments and equipment, uniforms, transportation, out of town trips for sports and music, cultural and educational activities and all related expenses. This obligation shall continue until each child has graduated from high school and in the event a child attends post high school education, NAZAR and YARYNA shall continue to pay these expenses until each child completes their post high school studies or attains a baccalaureate degree, whichever occurs first.

13.    NAZAR should be required to pay 75% and YARYNA should also be required to 25% of all educational expenses, tutoring, books, supplies, uniforms, educational field trips, computers and all other necessary technology equipment and other equipment and supplies, software and all related expenses for the two MINOR CHILDREN. This obligation shall continue until each child graduates from high school and in the event a child attends post high school education, the obligation shall continue to pay these expenses until each child completes their post high school studies or attains a baccalaureate degree, whichever occurs first.

14.    NAZAR shall be responsible and liable to pay 75% of the costs of the monthly medical insurance premium for the two MINOR CHILDREN of the parties and YARYNA shall pay 25% of said costs attributable to the two MINOR CHILDREN of the parties for said insurance.

15.    YARYNA shall have the sole right to claim the two MINOR CHILDREN each year as her federal and state tax dependents. YARYNA shall have the sole right also to claim all other

child tax credits, and other related income tax credits for the parties' MINOR CHILDREN in the computation of her Federal and State Income Tax Returns.

16.    Each parent is obligated and shall obtain and maintain a term life insurance policy insuring their respective lives having unencumbered death benefits in the mount of not less than One Hundred Fifty Thousand Dollars ($150,000.00) for each child for the benefit of the parties' two MINOR CHILDREN for a total of $300,000.00 of life insurance coverage to be obtained within 30 days of the entry of this Judgment. Each party shall designate the two minor children as irrevocable beneficiaries for these policies. This obligation shall continue until the emancipation of each of the MINOR CHILDREN or in the event each of the MINOR CHILDREN attend post high school education, then until the each of the MINOR CHILDREN attains a baccalaureate degree or otherwise completes the post high school curriculum.

17.    NAZAR's personal gross monthly income from his self-employment has averaged since 2021 is in the amount of at least $18,000.00 per month while YARYNA earns only $2,089.00 or less gross per month. The parties have been married since June 18, 2005 and YARYNA filed her Petition for Dissolution on October 21, 2019. Therefore, based on Section 5/504 of the Illinois Marriage and Dissolution of Marriage Act. NAZAR shall pay maintenance to YARNA based on the Statutory multiplier of 0.60 of the length of the marriage. This calculation results in NAZAR being required to pay maintenance to YARYNA for a period of no less than 8.6 years. The amount of Maintenance based on the substantial discrepancy in income between the parties is $3,417.00 per month. NAZAR shall pay to YARYNA the sum of $3,417.00 per month as and for maintenance commencing March 1, 2023and each month thereafter. Since YARYNA has been married for over 10 years her maintenance shall be reviewable after the 8.6 years by either party but NAZAR shall continue to pay the sum of $3417.00 per month for maintenance until further order of Court based on the family law calculations. In the event the maintenance is for any reason terminated by this Court or otherwise, NAZAR's obligation to pay child support shall be recalculated based on NAZAR's income and YARYNA's income at that time. A copy of the family law software calculation is attached hereto as **Exhibit "D"**.  A Copy of Yaryna Financial Affidavit is attached hereto and marked as **Exhibit "E"**.

18.    NAZAR has been primarily living separate and apart from YARYNA for many years except he came to the marital residence on weekends or a Saturday or Sunday for several years and was excluded from the marital residence as of October 4, 2022. NAZAR earns a

substantial income and is well able to provide for his own support and does not need financial assistance from YARYNA. NAZAR is fully capable providing for himself financially. Therefore, NAZAR should be forever barred from receiving or seeking maintenance from YARYNA; past, present, and future.

19.     NAZAR shall also pay the sum of $1,616.00 per month as and for child support for the two MINOR CHILDREN of the parties based on family law calculations and the payment by NAZAR of maintenance to YARYNA. NAZAR shall continue to pay child support for each child as defined below:

20.     NAZAR's obligation to provide child support for each of the two MINOR CHILDREN under the above paragraph shall continue until the first to occur:

a.     The MINOR CHILD's marriage;

b.     The MINOR CHILD's death;

c.     The MINOR CHILD's reaching age 18, unless the MINOR CHILD has not graduated from high school, and in that instance, upon said MINOR CHILD's graduation so long as attendance is continuous (excepting summer sessions), but in no event beyond the MINOR CHILD reaching age 19;

d.     The MINOR CHILD's entry into the Armed Forces of the United States, except that this emancipation event shall be deemed terminated and nullified upon discharge from such Armed Forces and thereafter, as if such emancipation event by reason of that entry has not occurred;

e.     The MINOR CHILD having a permanent residence away from YARYNA's permanent residence (however, a residence at boarding school, camp, trade school, college or professional school is not to be deemed a residence away from YARYNA's permanent residence); and,

f.     The MINOR CHILD's engaging in full-time employment other than during vacation or summer school periods.

21.     NAZAR shall be entitled to pursue a modification of maintenance and support in accord with the above or a showing of a substantial change in financial circumstances pursuant to 750 ILCS Section 5/510 of the Illinois Marriage and Dissolution of Marriage Act.

22.     NAZAR's obligation to pay child support and maintenance shall be pursuant to the Support Withholding Act and an Income Withholding Order and all other orders under the uniform

Order of Withholding Act shall be entered for the payors and/or employers of NAZAR to withhold funds from monies to be paid to NAZAR and sent by the payors and/or employers to the State Disbursement Unit for YARYNA from funds owed to NAZAR.

23.     NAZAR was paying the monthly mortgage on the marital residence, which includes taxes and insurance pursuant to prior Court orders, and he was also paying the HOA assessments, and utilities on the marital condominium totaling approximately $2,400.000 per month. NAZAR ceased paying these expenses as of December 2022 for utilities and he ceased paying in January 2023.with regard to the mortgage and HOA assessments.

24.     NAZAR has a business which is known as, "NAZAR INC". The business is a trucking business which was established during the marriage. NAZAR is hereby awarded his trucking business as his sole ownership, its inventory, accounts receivable, equipment, and other assets except as is set forth herein, debts and liabilities. NAZAR shall hold YARYNA harmless and indemnify her from any liability for his business.

25.     YARYNA has a cleaning business known as, "YANA CLEANING SERVICES INC." YARYNA shall be awarded her cleaning business as her sole ownership which shall include all her, its inventory, accounts receivable, equipment, and other assets, debts, and liabilities. YARYNA shall hold NAZAR harmless and indemnify him from any liability for her business.

26.     During the marriage the parties hereto acquired marital real estate located at 2500 Windsor Mall Dr. Unit 1A and real estate located at 2300 Windsor Mall, Unit 2E. NAZAR put the latter real estate in the name of a corporation which NAZAR established in the State of Illinois entitled, "NZM 24 Inc." which sole officer is his brother, who resides in Ukraine. YARYNA produced documents to show that this condominium is rented and that a corporation by the name of ALE SOLUTIONS rents the property and pays rent in the amount of $2,800.00 per month to NZM 24 Inc. NZM 24 Inc. pays the money it receives back to NAZAR and this is reflected in his business bank statements. The documents YARYNA produced also reflects that NAZAR procured homeowners insurance for 2300 Windsor Mall, Unit 2E and the bill is sent to NAZAR CHOLACH at 2500 Windsor Mall Dr. Unit 1A. In addition, YARYNA produced documents and identified NAZAR's handwriting for the HOA payment for 2300 Windsor Mall, Unit 2E to Bristol Court Condominium Association. This reflects that the monthly HOA assessment payment for the 2300 Windsor Mall Dr. Unit 2E is $787.00 per month and not $790.00 per month. In addition, Petitioners counsel has obtained a copy of a warranty deed conveying title to 2300 Windsor Mall, Unit 2E,

Park Ridge, IL 60068 to NZM 24 Inc. the entity which Nazar's brother owns and this was a cash sale of $265,000.00.  All of this circumstantial evidence points to the fact that NAZAR actually owns this 2300 Windsor Mall Condominium Unit. YARYNA also produced a CMA which shows that the Fair Market Value of this Unit is $300,00.00. In addition, YARYNA has produced documents showing that NAZAR transferred over $300,000.00 to Ukraine in years 2020 and 2021 and that he has withdrawn several hundred thousand additional dollars from his bank accounts in the past 2-3 years and has not accounted for these funds. Copies of all of these documents are set forth as a Group Exhibits **Exhibit "F"**. The failure of NAZAR to account for all these funds constitutes substantial dissipation by him of the marital estate.  The Court finds that there are at least two parcels of marital real estate.

27.     YARYNA is awarded ownership of the marital residence real estate located at 2500 Windsor Mall Dr., Unit 1A, Park Ridge, Illinois. The Court shall sign a Judge's Deed to transfer title of that real estate to YARYNA as her sole property. Both parties are jointly responsible parties on the mortgage of the marital real estate for YARYNA'S real estate property. Conditioned on and as long as YARYNA receives her child support and maintenance payments each month from NAZAR, she will hold NAZAR harmless and indemnify him from the mortgage debt.

28.     There is also a refund check sent to 2500 Windsor Dr. Unit 1 A in the amount of approximately $904.91 which YARYNA could not deposit because it had both parties' names on it. This refund is awarded to YARYNA as her sole ownership and she has the right to contact the mortgage company to have the check reissued in her name alone.

29.     NAZAR should be awarded the real estate condominium located at 2300 Windsor Mall Drive. YARYNA believes that NAZAR owns other property both in the United States and Ukraine which was acquired during the marriage. YARYNA will take responsibility to reasonably pay the mortgage payments on the real estate.

30.     The Court hereby reserves jurisdiction to divide any further real estate or personal property assets not disclosed by NAZAR.

31.     The parties acquired during the marriage several vehicles. NAZAR has possession of the parties 2015 Silver Audi A8. NAZAR also has possession of several semi-Trucks, s 2003 Peterbilt tractor, which is in the sole name of YARYNA and purchased during the marriage, and is not used in NAZAR's business anymore. NAZAR also has possession of a 2016 Arctic Cat Snowmobile. NAZAR further has possession of a 2007 Freightliner truck, Sprinter 2500, white

which he may not be using in his business anymore. NAZAR also has a newer truck which he uses in his business, and which details he refuses to disclose. YARYNA believes that NAZAR has possession of other vehicles which he has not disclosed. YARYNA has in her possession a 2019 Toyota RAV 4, which she drives. The minor child, Maryana, who resides with her mother has possession of the 2013 Mini Cooper vehicle, which is paid off and is in the name of NAZAR. The semi-trucks, in the possession of NAZAR have a high value and the Audi, which is paid off has a substantial value. The Toyota RAV 4 has a loan against it for approximately $13,000.00. YARYNA is requesting that she be awarded the, 2019 Toyota RAV 4, the 2013 Mini-Cooper for her daughter, MARYANA, which is driven by MARYANA, the 2016 Arctic Cat Snowmobile, the 2003 Peterbilt tractor, bronze, Model 387, and the 2015 Silver Audi A8, which is paid off and in the names of both parties. NAZAR is hereby ordered to turn over to YARYNA the 2016 Arctic Cat Snowmobile, the 2003 Peterbilt tractor, bronze, Model 387, and the 2015 Silver Audi A8, within 72 hours. YARYNA also identified that NAZAR purchased and transferred three additional vehicles to Ukraine during the marriage, specifically including a Tesla vehicle. NAZAR is awarded these vehicles as well.

32.     NAZAR has disclosed bank accounts at Chase for his personal and business accounts in his name and the name of the business. YARYNA believes that NAZAR has substantial other non-disclosed financial accounts both in United States and in Ukraine and this Court hereby reserves jurisdiction over these non-disclosed assets for further distribution. NAZAR is hereby awarded his Chase Bank accounts, both his business and personal accounts as his ownership and assets.

33.     YARYNA has personal and business financial accounts at PNC Bank, Fifth Third Bank, and Chase. YARYNA shall be awarded these financial accounts both business and personal as her sole ownership and assets.

34.     YARYNA represents that there is a nominal amount of funds in the prior joint accounts of the parties at Self-reliance Bank. YARYNA is awarded those funds.

35.     Both parties shall be awarded their respective personal effects and belongings which are in their respective possession as their sole assets.

36.     YARYNA shall be awarded all the furniture, furnishings and all other personal property located at 2500 Windsor Mall Dr. Unit 1A, Park Ridge, Illinois as her sole ownership and possession.

37.     Based on the testimony of YARYNA, the financial affidavit of YARYNA and the credit card statements of NAZAR, both personal and business, NAZAR has no debts in his name, except the new semi-truck, and/or trucks and trailers he bought in the last few years. NAZAR refuses to disclose the details of these purchases. YARYNA states that NAZAR pays RFS Inc, for the above truck payments, for which he is an independent contractor, and they deduct the monthly payments from the funds they pay him each month. NAZAR shall pay all his own debts which are in his name and for which he is responsible to pay. NAZAR shall be solely responsible to pay his own debts and shall hold YARYNA harmless and indemnify her from any liability for his debts and any other debts he has incurred during the marriage.

38.     YARYNA has over $70,000.00 of credit card debt which she has accumulated during the marriage and which debt is in her name alone. YARYNA incurred this debt as a result of NAZAR's bad faith and improper conduct throughout these proceedings which forced YARYNA to incur substantial debt for both marital expenses and fees. Due to NAZAR's superior income, and his substantial dissipation of marital assets, NAZAR shall be responsible to pay the $70,000.00 of this debt to YARYNA, and NAZAR's obligation shall not be dischargeable in Bankruptcy should he file bankruptcy.

39.     NAZAR shall be responsible to pay all of his own attorneys' fees and costs he has incurred for this litigation, past, present and future foe all of his attorneys. In this dissolution case alone, he has had two separate attorneys, including his present attorney as set forth above. NAZAR shall be responsible to pay all of his own remaining attorneys' fees and costs for all of his own attorneys and he shall hold YARYNA harmless and indemnify her from any liability, dollar for dollar for his attorneys' fees in this action and in the two appeals he has filed as a result of this action to date and for any future appeals, he files as a result of this action.

40.     The current body attachment is for contempt findings against NAZAR for $32,409.00 and the purge is in the same amount. Judgment has also been entered for this amount against NAZAR The body attachment and the purge shall remain in full force and effect. YARYNA also has a Petition for Contribution of Attorneys' Fee and Costa pending against NAZAR which is set for hearing on March 20th, 2023.

41.     With regard to taxes, the parties shall file a separate tax return for tax years 2022, 2023 and for all subsequent tax years.

42.     With regard to post high school education, Section 513 of the Illinois Marriage and Dissolution of Marriage Act requires both parties to contribute to the post high school education of the two minor children based on each parties financial ability from all sources and assets and each child's aptitude with all the other factors set forth in Section 513.

43.     Based upon the above, this Court finds that it does have jurisdiction both over YARYNA, NAZAR, and the subject matter, the parties and the MINOR CHILDREN.

44.     The Court having examined the proposed Default Judgment of Dissolution of Marriage and having been informed of the circumstances of the parties, finds that the Default Judgment of Dissolution of Marriage appears to be fair, equitable, and not unconscionable, and approves its provisions.

45.     YARYNA has established by competent, relevant and material proof all of the allegations in the Petition for Dissolution of Marriage.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

### A.     DISSOLUTION OF MARRIAGE AND GROUNDS

That the Petition for Dissolution of Marriage is GRANTED on the grounds of irreconcilable differences. The bonds of matrimony existing between the Petitioner, YARYNA CHOLACH, and the Respondent, NAZAR CHOLACH, are hereby dissolved pursuant to statute.

### B.     PARENTAL ALLOCATION

YARYNA was awarded sole parental allocation of parenting of the two MINOR CHILDREN on November 9, 2022 by separate Order and she was also awarded sole decision making for the two MINOR CHILDREN, all of which was a result of trial in this matter and ruling by this Court. NAZAR has not participated in any decision making and he has failed to exercise any parenting time with the MINOR CHILDREN since September 2022. NAZAR's rights as a parent are also determined in the Allocation Judgment of November 9, 2022.

### C.     CHILD EXPENSE CONTRIBUTIONS, MAINTENANCE, CHILD SUPPORT CONTRIBUTIONS TO HOUSEHOLD EXPENSES, LIFE INSURANCE, CHILD DEPENDENCY DEDUCTIONS AND RELATED JUDGMENT OBLIGATIONS

1.     NAZAR was obligated by Court order to pay and contribute to childcare, daycare and before the aftercare and related expenses. NAZAR willfully failed to pay childcare, was held in Contempt per the November 3, 2022 and November 9, 2022 Court order and Judgment was

entered against him for the $4,909.00 of child care arrearages he owes to YARYNA which Judgment remains in full force and effect with statutory interest to accrue since the date of the Judgment.

2.      NAZAR shall be required to pay 75% YARYNA should be both required to pay 25% of all daycare and childcare, camps and all related expenses to them for the two MINOR CHILDREN of the parties.

3.      NAZAR should be required to pay 75% and YARYNA should be required to pay 25% of all expenses of the MINOR CHILDREN not covered by insurance including but not limited to uncovered medical and dental expenses including ordinary and extra-ordinary medical, dental, orthodontic, optometric, ophthalmological, therapy, counseling, psychiatric, prescription expenses and all other related expenses of the MINOR CHILDREN of the parties. This obligation shall continue until each child graduates' high school but in the event a child attends post high school education, then the obligation shall continue until each child completes post high school education or attains a baccalaureate degree, whichever occurs first.

4.      NAZAR should also be required to pay 75% and YARYNA should be required to pay 25% of all extra-curricular activities of the 2 MINOR CHILDREN of the parties, and also including all field trips, camps, sports, music, all instruments and equipment, uniforms, transportation, out of town trips for sports and music and cultural activities and all related expenses. This obligation shall continue until each child graduates from high school and in the event a child attends post high school education, NAZAR and YARYNA shall continue to pay these expenses until each child completes their post high school studies or attains a baccalaureate degree, whichever occurs first.

5.      NAZAR should be required to pay 75% and YARYNA should also be required to 25% of all educational expenses, tutoring, books, supplies, uniforms, educational field trips, computers and all other necessary technology equipment, all other equipment and software and the like for the 2 MINOR CHILDREN and all related expenses until each child graduates from high school. However, in the event a child attends post high school education, the parties shall continue to pay these expenses until each child completes their post high school studies or attains a baccalaureate degree, whichever occurs first.

6.      NAZAR shall be responsible and liable to pay 75% of the costs of the monthly medical insurance premium for the two MINOR CHILDREN of the parties and YARYNA shall pay 25% of said costs attributable to the two MINOR CHILDREN of the parties.

7.      YARYNA shall have the sole right to claim the two MINOR CHILDREN each year as her tax dependents on her Federal and State Tax Returns each year commencing with tax year 2021 and all years thereafter. YARYNA shall also have the sole right also to claim all other child tax credits, and other related income tax credits for the parties' MINOR CHILDREN in the computation of her Federal and State Income Tax Returns.

8.      Each parent is obligated and shall obtain and maintain a term life insurance policy insuring their respective lives having unencumbered death benefits for each child in the amount of not less than One Hundred Fifty Thousand Dollars ($150,000.00) per child for the benefit of the parties' MINOR CHILDREN. This obligation shall continue until the emancipation of the MINOR CHILDREN or in the event each of the MINOR CHILDREN attend post high school education, then until the each of the MINOR CHILDREN attains a baccalaureate degree or otherwise completes the post high school curriculum. Each party upon demand shall produce proof of obtaining and maintaining that insurance.

9.      Based on Section 504 of the Illinois Marriage and Dissolution of Marriage Act. NAZAR shall pay maintenance to YARYNA based on 0.60 of the length of the marriage. This calculation results in NAZAR being required to pay maintenance to YARYNA for a minimum a period of 8.6 years. The amount of Maintenance based on the substantial discrepancy in income between the parties is $3,417.00 per month. NAZAR shall pay to YARYNA the sum of $3,417.00 per month as and for maintenance commencing March 1, 2023 and each month thereafter by the 1st of each month until further order of Court. Since YARYNA has been married for over 10 years her maintenance shall be reviewable after the 8.6 months by either party but NAZAR shall continue to pay the $3,417.00 per month until further order of Court.

10.     NAZAR should be forever barred from receiving or seeking maintenance from YARYNA; past, present, and future.

11.     NAZAR shall also pay the sum of $1,616.00 per month as and for child support for the two MINOR CHILDREN of the parties. Commencing March 1st, 2023 and each month thereafter by the first of each month until further Order of the Court. In the event maintenance is

terminated, child support shall be recalculated without the deduction for the maintenance. NAZAR shall continue to pay child support for each child as defined below:

12.    NAZAR's obligation to provide child support for each of the two MINOR CHILDREN under the above paragraph shall continue until the first to occur:

a.    The MINOR CHILD's marriage;

b.    The MINOR CHILD's death;

c.    The MINOR CHILD's reaching age 18, unless the MINOR CHILD has not graduated from high school, and in that instance, upon said MINOR CHILD's graduation so long as attendance is continuous (excepting summer sessions), but in no event beyond the MINOR CHILD reaching age 19;

d.    The MINOR CHILD's entry into the Armed Forces of the United States, except that this emancipation event shall be deemed terminated and nullified upon discharge from such Armed Forces and thereafter, as if such emancipation event by reason of that entry has not occurred;

e.    The MINOR CHILD having a permanent residence away from YARYNA's permanent residence (however, a residence at boarding school, camp, trade school, college or professional school is not to be deemed a residence away from YARYNA's permanent residence); and,

f.    The MINOR CHILD's engaging in full-time employment other than during vacation or summer school periods.

13.    NAZAR shall be entitled to pursue a modification of maintenance and support in accord with the above or a showing of a substantial change in financial circumstances pursuant to Section 510 of the Illinois Marriage and Dissolution of Marriage Act.

14.    NAZAR's obligation to pay child support and maintenance shall be pursuant to the Support Withholding Act and an Income Withholding Order and all other orders under the uniform Order of Withholding Act to be entered for the payors and/or employers of NAZAR to withhold income from monies to be paid to NAZAR and sent by the payors and/or employers to the State Disbursement Unit to YARYNA from monies owed to NAZAR.

15.    NAZAR's obligation to pay the mortgage, taxes, insurance, utilities, and HOA fees shall continue only in the event that NAZAR fails to pay the child support.

### D.    MARITAL BUSINESSES, REAL ESTATE, VEHICLES and

## PERSONAL PROPERTY

16.     NAZAR is hereby awarded his trucking business as his sole ownership, its inventory, accounts receivable, equipment, and other assets except as is set forth herein, debts and liabilities. NAZAR shall hold YARYNA harmless and indemnify her from any liability for his business.

17.     YARYNA shall be awarded the marital cleaning business, "YANA CLEANING SERVICES INC." as her sole ownership which shall include all, its inventory, accounts receivable, equipment, and other assets, debts and liabilities. YARYNA shall hold NAZAR harmless and indemnify her from any liability for her business.

18.     YARYNA is be awarded sole ownership of the marital residence real estate located at 2500 Windsor Mall Dr., Unit 1A, Park Ridge, Illinois. This Court shall sign a Judge's deed for the transfer of title to that real estate. Both parties are jointly responsible parties on the mortgage of the marital real estate for YARYNA'S real estate property. Conditioned on and as long as YARYNA receives her child support and maintenance payments each month from NAZAR, she will hold NAZAR harmless and indemnify him from the mortgage debt.

19.     NAZAR is awarded the real estate condominium located at 2300 Windsor Mall Drive.

20.     The Court hereby reserves jurisdiction with regard to any further assets not disclosed by NAZAR.

21.     YARYNA is awarded the 2019 Toyota RAV 4, the 2013 Mini-Cooper for her daughter, the 2016 Arctic Cat Snowmobile, the 2003 Peterbilt Tractor, bronze, Model 387, and the 2015 Silver Audi A8, which is paid off and in the names of both parties. YARYNA shall be solely responsible to pay off the Toyota RAV 4 automobile. NAZAR shall turnover the above 2015 Silver Audi A8 and the 2003 Peterbilt Tractor, bronze, Model 387 to YARYNA within 72 hours after Judgment is Entered.

22.     NAZAR is awarded the 2007 Freightliner truck, Sprinter 2500, white, and a newer truck which he uses in his business. NAZAR is awarded all other vehicles in his name other than those awarded to YARYNA. NAZAR shall be solely responsible to pay for all loans on his semi-trucks and for all other vehicles he owns both personally and for the business for which he is awarded. YARYNA also identified that NAZAR purchased and transferred three additional

vehicles to Ukraine during the marriage, specifically including a Tesla vehicle. NAZAR is awarded these vehicles as well.

23.    NAZAR is awarded his disclosed bank accounts at Chase for his personal and business accounts in his name or the name of the business.

24.    YARYNA has personal and business financial accounts at PNC Bank and Fifth Third Bank and Chase Bank. YARYNA shall be awarded her financial account both business and personal as her sole assets.

25.    This Court hereby reserves jurisdiction over all non-disclosed financial assets for further division.

26.    Both parties shall be awarded their respective personal effects and belongings which are in their respective possession as their sole assets.

27.    YARYNA shall be awarded all the furniture, furnishings and all other personal property located at 2500 Windsor Mall Dr. Unit 1A, Park Ridge, Illinois as her sole ownership and possession.

## E.    DEBTS, ATTORNEYS FEES, TAXES, JUDGMENTS AND BODY ATTACHMENTS

28.    NAZAR shall pay all his own debts which are in his name and for which he is responsible to pay. NAZAR shall be solely responsible to pay his own debts and shall hold YARYNA harmless and indemnify her from any liability for his debts and any other debts he has incurred during the marriage.

29.    NAZAR shall be responsible to pay $70,000.00 of the approximately $70,000.00 of credit card debt in the name of YARYNA, and NAZAR's obligation shall not be dischargeable in Bankruptcy should he file bankruptcy.

30.    NAZAR shall be responsible to pay all of his own attorneys' fees and costs he has incurred for this litigation, past, present and future for all of his attorneys and for all the appeals he has filed. In this dissolution case alone, he has had two separate attorneys, including his present attorney as set forth above. NAZAR shall be responsible to pay all of his own remaining attorneys' fees and costs for all of his own attorneys and he shall hold YARYNA harmless and indemnify her from any liability, dollar for dollar for his attorneys' fees in this action and in the two appeals' he has filed as a result of this action to date and for any future appeals, he files as a result of this action.

31.     YARYNA shall be solely responsible to pay all her remaining attorneys' fees and costs owing to the LAW FIRM of WENDY R. MORGAN pursuant to the Consent Judgment she signed with said LAW FIRM which attorney's fees and costs are calculated through February 9, 2023 with a credit for the above attorneys' fees and costs which NAZAR has been ordered to pay for his contribution to her attorney's fees. The consent Judgment shall be noticed up after this default prove-up. YARYNA shall also pay all attorney's fees and costs owing to the LAW FIRM Of WENDY R. MORGAN incurred subsequent to February 9, 2023.

32.     The current body attachment for contempt is for contempt findings and JUDGMENTS entered against NAZAR for $32,409.00 and the purge which is in the same amount. The Judgments entered in this cause, the body attachments and the purge shall remain in full force and effect.

33.     This Court finds that NAZAR shall contribute the sum of $32,409.00 to these attorney's fees of YARYNA in addition to the credit card debt he is to pay as stated above. This is the same amount set forth in the body attachment purge order. Therefore, NAZAR shall pay all the purge amount of his body attachment in the event of his arrest as per the body attachment Order.

34.     With regard to taxes, the parties shall each file a separate tax return for tax years 2022, 2023 and for all subsequent tax years.

35.     Based upon the above, this Court finds that it does have jurisdiction both over YARYNA, NAZAR, and the subject matter, the parties and the MINOR CHILDREN.

36.     There is currently an arrearage in Child Support in the form of a Judgment For past due child care in the amount of $4,909.00 which is due and owing by NAZAR to YARYNA. The Judgment which has already been entered in the above amount shall remain in full force and effect with statutory interest to accrue.

**F.     POST HIGH SCHOOL EDUCATION FOR THE CHILDREN**

Pursuant to Section 513 of the Illinois Marriage and Dissolution of Marriage Act, both parties shall be required to contribute to the post high school education of the two minor children. 10.4 Post- High School Educational Expenses Defined. For the purposes of this paragraph, the expenses of a college, university, or vocational school education shall be defined as all charges incurred for: tuition, room, board, lodging, by the college, university, or vocational

school in question, books, application and standardized admission test fees, a reasonable allowance for clothing and spending money, and reasonable transportation expenses between the school attended and the child's residence. If the child resides with one of the parties during his/her education, then a reasonable allowance will be provided to that party to provide clothing, spending money, housing, transportation, food, and other incidentals.

### G.   MISCELLANEOUS MATTERS

1.   All other issues are reserved.

2.   Except as herein otherwise provided, each of the parties hereto, hereby waives and relinquishes all rights to act as administrator or administrator-with-the-will-annexed of the estate of the other party, and each of the parties does further relinquish all rights to inherit by intestate succession any of the property of which the other party may die seized or possessed, and should either of the parties hereto die intestate, this Judgment shall operate as a relinquishment of all rights of the surviving party, hereafter, to apply for letters of administration in any form, and the estate of such deceased party, if he or she dies intestate, shall descend to the heirs at law of such deceased party, in the same manner as though the parties hereto has never been married, each of the parties hereto respectively reserving the right to dispose, by testament or otherwise, of this or her respective property in any way that he or she may see fit, without any restriction or limitation whatsoever, provided, however, that nothing herein contained shall operate or be construed as a waiver or release by either party of the obligation or the other to comply with the terms of this judgment.

3.   That Petitioner is granted the right to resume the use of her maiden name of Bihun.

4.   That each of the terms and provisions contained herein shall be binding upon the parties immediately upon the entry as a Default Judgment Order of Court, that each of the parties shall be responsible for the compliance and for the execution of all necessary documents to execute said provisions, that each of the parties shall comply with said provisions and shall execute all necessary documents to effectuate said provisions.

5.   This Judgment shall be construed and interpreted under the laws of the State of Illinois, without regard for the later domicile or residence of either party.

6.      That the Circuit Court of Cook County, State of Illinois, retains jurisdiction of the parties, and of the subject matter for the purpose of enforcing the terms and provisions of this Default Judgment of Dissolution of Marriage.

ENTERED: this _22_ day of _February_, 2023

**ENTERED**
Judge Jeanne Reynolds-1965

**FEB 2 2 2023**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

_Jeanne M. Reynolds #1965_
Judge

**THE LAW FIRM OF WENDY R. MORGAN**
Attorneys for Petitioner
1845 East Rand Road, Suite 211
Arlington Heights, Illinois 60004
(847)259-5700
lawoffice@wendymorgan.com
Attorney No. 70297

Page 18 of 18



United States Bankruptcy Court
Northern District of Illinois

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the
United States Bankruptcy Code, entered on 04/26/2023 at 12:57 PM and filed on
04/26/2023.

**Nazar Cholach**
2500 Windsor Mall Dr., Unit 1A
Park Ridge, IL 60068
SSN / ITIN: xxx-xx-3949

The case was filed by the debtor's attorney:     The bankruptcy trustee is:

**David Freydin**                                **Thomas H. Hooper**
Law Offices of David Freydin Ltd                 Office of the Chapter 13 Trustee
8707 Skokie Blvd                                 55 E. Monroe St.
Suite 312                                        Suite 3850
Skokie, IL 60077                                 Chicago, IL 60603
630-516-9990                                     312-294-5900

The case was assigned case number 23-05510 to Judge Timothy A. Barnes.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page http://www.ilnb.uscourts.gov/ or at the Clerk's Office, Eastern Division, 219 S Dearborn,
7th Floor, Chicago, IL 60604.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Jeffrey P. Allsteadt**
**Clerk, U.S. Bankruptcy Court**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In the Matter of:** | } | Bankruptcy Case No. 23-05510 |
| | } | |
| Nazar Cholach | } | Judge Timothy A. Barnes |
| | } | |
| | } | Chapter 13 |
| | } | |
| **Debtor(s)** | } | Cook County |

TO:   **Thomas H. Hooper**, Chapter 13 Trustee, 55 E. Monroe St., Suite 3850, Chicago, IL 60603, via
electronic notification;

   **Nazar Cholach,** 2234 West Chicago, Chicago, IL 60622, via U.S. Mail; and

   See Attached List

## <u>CERTIFICATE OF SERVICE</u>

   I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served
upon the entities named above by depositing the same in the U.S. Postal Service's mailbox at 8707 Skokie
Blvd., Suite 312, Skokie, IL 60077 on April 26, 2023, except that the Trustee and any other party indicated in
the Notice of Filing were served electronically by the court on such date.

/s/ David Freydin                              4/26/2023
David Freydin, Esq                          Date
Law Offices of David Freydin
8707 Skokie Blvd, Suite 312
Skokie, IL  60077
Phone: 847.972.6157

Label Matrix for local noticing
0752-1
Case 23-05510
Northern District of Illinois
Eastern Division
Wed Apr 26 14:45:47 CDT 2023

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Best Buy/CBNA
Attn: Citicorp Centralized Bankrutcy
Po Box 790040
St louis, MO 63179-0040

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Costco Citi Card
Attn: Bankruptcy
Po Box 6500
Sioux Falls, SD 57117-6500

Selfreliance
2332 W. Chicago Ave
Chicago, IL 60622-6911

Selfreliance Fcu
2332 W. Chicago Ave
Chicago, IL 60622-6911

Synchrony Bank/American Eagle
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

The Law Firm of Wendy R Morgan
1845 East Rand Road, suite 211
Arlington Heights, IL 60004-4359

Truist Bank
Attn: Bankruptcy
Mail Code VA-RVW-6290 POB 85092
Richmond, VA 23286-0001

Yaryna Cholach
2500 Windsor Apt 1A
Park Ridge, IL 60068-3636

David Freydin
Law Offices of David Freydin Ltd
8707 Skokie Blvd
Suite 312
Skokie, IL 60077-2281

Nazar Cholach
2500 Windsor Mall Dr., Unit 1A
Park Ridge, IL 60068-3636

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Thomas H. Hooper
Office of the Chapter 13 Trustee
55 E. Monroe St.
Suite 3850
Chicago, IL 60603-5764

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

End of Label Matrix
Mailable recipients      16
Bypassed recipients       0
Total                    16

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Nazar Cholach** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

EXHIBIT
tabbies
E

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☐ No. Go to Part 2.
   ■ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | **The Law Firm of Wendy R Morgan** | Last 4 digits of account number _____ | $32,409.00 | $32,409.00 | $0.00 |
| | Priority Creditor's Name | | | | |
| | **1845 East Rand Road, suite 211** | When was the debt incurred? _____ | | | |
| | **Arlington Heights, IL 60004** | | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | | |

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of PRIORITY unsecured claim:
■ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.2** | **Yaryna Cholach** | Last 4 digits of account number _____ | $74,909.00 | $74,909.00 | $0.00 |
| | Priority Creditor's Name | | | | |
| | **2500 Windsor Apt 1A** | When was the debt incurred? _____ | | | |
| | **Park Ridge, IL 60068** | | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | | |

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of PRIORITY unsecured claim:
■ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**EXHIBIT**

F

FILED
4/26/2023 7:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
Atty. No. 70297

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT-DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF | ) | |
| YARYNA CHOLACH, | ) | |
| Petitioner, | ) | |
| and | ) | Case No. 2019 D 230474 |
| | ) | |
| NAZAR CHOLACH, | ) | |
| Respondent. | ) | |

## PETITION FOR ENTRY OF AGREED CONSENT JUDGMENT FOR ATTORNEYS' FEES AND COSTS

**NOW COMES** the Movant, **THE LAW FIRM OF WENDY R. MORGAN**, pursuant to Section 508(d) of the Illinois Marriage and Dissolution of Marriage Act, and shows the Court:

1.      Attorney Wendy R. Morgan is a licensed attorney and counselor at law and was such at all times pertinent hereto.

2.      On or about May 13, 2022, the Petitioner, **YARYNA CHOLACH**, retained the services of **THE LAW FIRM OF WENDY R. MORGAN** for legal representation in his dissolution of marriage. A copy of the Retainer Agreement is attached hereto and marked as **Exhibit "A"**, and made a part hereof.

3.      Said Retainer Agreement meets applicable requirements of Court Rules and addresses all material terms, and should therefore be enforceable in accordance with its terms.

4.      The services rendered by The Law Firm of Wendy R. Morgan were all reasonably necessary in Attorney's representation of Petitioner.

5.      Petitioner, **YARYNA CHOLACH**, agreed to pay fees, which were necessary and reasonably incurred and to be incurred on behalf of the Petitioner, **YARYNA CHOLACH,** at our hourly rates.

6.      That this case involves extremely contentious and complex issues regarding child support, allocation of parental responsibilities and parenting time, financial child contribution, maintenance, asset and property division, determination of marital property, determination of income of each party, debts, dissipation, attorneys' fees, contempt proceedings, discovery issues and sanctions, trial on allocation of parental responsibilities and decision-making, Rule hearings and hearings on Indirect Contempt of Respondent, and related matters.  Attorney Wendy R. Morgan has devoted substantial and considerable time and costs to this cause of action on behalf

10.6.2020

of Petitioner, **YARYNA CHOLACH**, as follows but not limited to:

A.      Frequent appearances in Court on various contested motions, hearings, status, pre-trial and other court dates and trial on allocation of parental responsibilities;

B.      Frequent office visits and phone conferences with client, GAL, opposing counsel, third party witnesses and others;

C.      Valuation of assets and determination of marital assets

D.      Income issues for both parties;

E.      Rule and Contempt proceedings against Respondent, body attachments, purge orders and working with Sheriff,

F.      Drafting and reviewing multiple and substantial pleadings against Respondent, Rule and Contempt pleadings, multiple discovery sanction pleadings, Motions to Quash, opposing counsel's multiple pleadings and pleadings to stay proceedings and for reconsideration by opposing counsel as well as his responses to our pleadings and Motions to Strike and Dismiss

G.      Additional telephone conferences and correspondence with both the client and/or GAL, opposing counsel and other persons involved in this case and witnesses in this case;

H.      Conducting discovery and responding to discovery requests and supplementing discovery seasonably; Reviewing discovery documents of both parties sent on multiple occasions by both Petitioner and Respondent

I       Preparing witnesses, client and testimony for the allocation trial, Rule hearings and many other hearings in this case

I.      Drafting of client's Financial Affidavit, calculations, and producing client's supporting documents;

J.      Drafting settlement agreements, allocation judgments, redlining changes and negotiations and pre-trial with the Court;

K.      Attempted negotiations and attempting to resolve of disputes with Opposing Counsel.

L.      Preparing for default hearings, contribution to interim fees and hearings, and contribution to fee hearing.

M.      Other office and related work.

7.      The parties agree that the outstanding balance due by Petitioner, **YARYNA CHOLACH**, to **THE LAW FIRM OF WENDY R. MORGAN** in amount of $ 65, 428.71 as of February 9, 2023. YARYNA CHOLACH paid an additional retainer. This additional retainer shall

10.6.2020

be applied to the above future work and not to the past work with respect to the outstanding balance in the amount of $65,428.71.

8.      Both agree that the attorney's fees and costs were reasonable and necessary under the circumstances of this case.

9.      The Court has already entered a contempt order with the purge for $32,409.00 and a body attachment against Respondent which is still pending against him. The billing statements were previously provided to this court.

**10.     THE LAW FIRM OF WENDY R. MORGAN** and **YARYNA CHOLACH** agree that **YARYNA CHOLACH** will be required to pay to **THE LAW FIRM OF WENDY R. MORGAN** the amount of $ 65,428.71, with a credit for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition for Contribution of Attorney's Fees and Costs filed by YARYNA CHOLACH. That Judgment shall be entered for the awarded attorney's fees and costs instanter.

12.     YARYNA shall make payments on the Judgment in the amount of $65,428.71 in the minimum amount of $250.00 per month to the Law Firm of Wendy R. Morgan beginning on March 1. 2023 and by the 1st of each month thereafter for a period of six (6) months, which shall be further followed by a minimum payment of Five Hundred Dollars ($ 500.00) per month by YARYNA to the Law Firm of Wendy R. Morgan beginning on September 1, 2023 and continuing each month thereafter after until the full balance in the amount of $65,428.71. plus, statutory interest (with a credit for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition for Contribution of Attorney's Fees and Costs filed by YARYNA CHOLACH), is paid in full by YARYNA CHOLACH.

13.     YARYNA also agrees that the Law Firm of Wendy R. Morgan shall also have the right to lien the 2016 Arctic Cat Snowmobile, the 2003 Peterbilt tractor, bronze, Model 387, and the 2019 Toyota Rav 4, which Yaryna is awarded in the Default Judgment against the above Judgment. Further, Yaryna agrees to cooperate to sell the above vehicles within 90 days and to pay the proceeds from the sale of those vehicles to the Law Firm of Wendy R. Morgan to further pay down her Judgment For Attorney's Fees.

14.Petitioner and said Law Firm further agree that in the event of a sale of the real estate located at 2500 Windsor Mall Drive by YARYNA CHOLACH or by a third party or by a Court, then the Law Firm of Wendy R. Morgan shall be paid in full their Judgment of $65,428.71 plus all accrued

10.6.2020

interest, minus a deduction for any amount the Court orders NAZAR to contribute to the above attorney's fees and costs at the time of the sale of the subject property.

.    15.    Petitioner and the LAW FIRM OF WENDY R. MORGAN agree that aforesaid fees charged by **THE LAW FIRM OF WENDY R. MORGAN** are reasonable considering the time and labor required, the novelty and difficulty of the issues involved, the skill requisite to perform the legal services properly, the likelihood that acceptance of this employment would preclude other employment by **THE LAW FIRM OF WENDY R. MORGAN**, the experience, reputation and ability of Attorney Wendy R. Morgan, and other factors as prescribed by Rule 1.5 of the Rules of Professional Conduct.

16.    **THE LAW FIRM OF WENDY R. MORGAN** performed all of the services required by it to be performed pursuant to the aforesaid retainer agreement.

17.    Petitioner, **YARYNA CHOLACH**, hereby voluntarily and knowingly waives her right to have Alternative Dispute Resolution regarding her attorneys' fees and costs and her signature on this pleading verifies and confirms same.

18.    The Affidavits of Attorney Wendy R. Morgan and Yaryna Cholach are attached hereto and incorporated herein as **Exhibit "B" and Exhibit "C".**

**WHEREFORE, PETITIONER prays for the following relief:**

A.    That this Honorable Court approve the amount and that Judgment be entered against YARYNA CHOLACH and in favor of the Law Firm of Wendy R. Morgan for the amount of $65,428.71 with a credit for the amount that the Court awards to Petitioner and against Respondent for contribution to attorneys' fees and costs.

B.    That this Honorable Court find that the attorney's fees and costs were reasonable and necessary under the circumstances of this case and that the remaining balance of attorney's fees and costs as of February 9, 2023 are in the amount of $65,428.71.

C.    That the award of attorney's fees and costs shall be reduced to Judgment and that statutory interest shall accrue on the Judgment amount of fees and costs awarded. That Judgment shall be entered instanter.

D.    YARYNA shall make payments on the Judgment in the amount of $65,428.71 and/or the reduced amount based on the award of contribution to attorneys'' fees by NAZAR, in the minimum amount of $250.00 per month to the Law Firm of Wendy R. Morgan beginning

10.6.2020

on March 1. 2023 and by the 1st of each month thereafter for a period of six (6) months, which shall be further followed by a minimum payment of Five Hundred Dollars ($ 500.00) per month by YARYNA to the Law Firm of Wendy R. Morgan beginning on September 1, 2023 and continuing each month thereafter after until the full balance in the amount of $65,428.71. plus, statutory interest (with a credit for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition for Contribution of Attorney's Fees and Costs filed by YARYNA CHOLACH), is paid in full by YARYNA CHOLACH.

E.  That the Law Firm of Wendy R. Morgan shall also have the right to lien the 2016 Arctic Cat Snowmobile, the 2003 Peterbilt tractor, bronze, Model 387, and the 2019 Toyota Rav 4, which Yaryna is awarded in the Default Judgment against the above Judgment. Further, Yaryna agrees to cooperate to sell the above vehicles within 90 days and to pay the proceeds from the sale of those vehicles to the Law Firm of Wendy R. Morgan to further pay down her Judgment For Attorney's Fees.

F. In the event of a sale of the real estate located at 2500 Windsor Mall Drive by YARYNA CHOLACH or by a third party or by a Court, then the Law Firm of Wendy R. Morgan shall be paid in full their Judgment of $65,428.71 plus all accrued interest, with a credit for any amount the Court orders NAZAR to contribute to the above attorney's fees and costs at the time of the sale of the subject property.

G. That this Court shall conduct a hearing on the Petition for Contribution to Attorney's Fees and Costs of the Law Firm of Wendy R. Morgan filed by YARYNA CHOLACH.

H. In the event **YARYNA CHOLACH** fails to make the above said payments in a timely manner, **THE LAW FIRM OF WENDY R. MORGAN** shall have the right to accelerate all payments due and to enforce the Judgment, against **YARYNA CHOLACH,** with any and all available remedies.

10.6.2020

I. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,
**THE LAW FIRM OF WENDY R. MORGAN**

_____      _____
YARYNA CHOLACH                        **THE LAW FIRM OF WENDY R. MORGAN**
                                      **By: One of the** Attorneys

ENTERED:


_____
JUDGE


THE LAW FIRM OF WENDY R. MORGAN
1845 East Rand Road, Suite 211
Arlington Heights, Illinois 60004
(847) 259-5700

Attorney No. 70297

10.6.2020

## OATH AND VERIFICATION

I, **YARYNA CHOLACH**, being first duly sworn on oath, depose and state that I have read the foregoing **PETITION FOR ENTRY OF AGREED CONSENT JUDGMENT FOR ATTORNEYS' FEES.**  That the facts contained therein are true and correct except as to those items pled upon information and belief, and as to those items pled upon information and belief the same are true and correct to the best of my information and belief.

YARYNA CHOLACH

Subscribed and sworn to before me this 21 day of February, 2023.

NOTARY PUBLIC

JILLIAN SHEEHAN
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 8, 2024

## ATTORNEY'S VERIFICATION

I, the undersigned attorney, certify this pleading pursuant to the Illinois Code of Civil Procedure, 735 ILCS Section 5/1-109.

One of the Attorneys

THE LAW FIRM OF WENDY R. MORGAN
1845 E. Rand Road, Suite 211
Arlington Heights, Illinois 60004
(847) 259-5700
lawoffice@wendymorgan.com
Attorney No. 70297

10.6.2020



**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-DOMESTIC RELATIONS DIVISION**

Atty. No. 70297

| | |
|---|---|
| IN RE: THE MARRIAGE OF | ) |
| YARYNA CHOLACH, | ) |
| Petitioner, | ) |
| and | ) |
| | ) |
| NAZAR CHOLACH, | ) |
| Respondent. | ) |

Case No. 2019 D 230474

### AGREED CONSENT ORDER FOR ATTORNEY'S FEES AND COSTS

This matter came before the Court upon the Entry of Agreed Consent Order for Attorney's and Costs pursuant to Section 508(d) of the Illinois Marriage and Dissolution of Marriage Act, (IMDMA), and the Court being fully advised in the premises and having jurisdiction over the subject matter and parties;

**THE COURT FINDS** that:

A.   **THE LAW FIRM OF WENDY R. MORGAN** and **YARYNA CHOLACH** agree that **YARYNA CHOLACH** will be required to pay to **THE LAW FIRM OF WENDY R. MORGAN** the amount of $ 65,428.71, with a credit for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition For Contribution of Attorney's Fees and Costs filed by YARYNA CHOLACH.

B.   The Court finds that the attorney's fees and costs were reasonable and necessary under the circumstances of this case.

C.   The Court specifically and expressly approves the above amount and that Judgment be entered *instanter* against **YARYNA CHOLACH** and in favor of the Law Firm Of Wendy R. Morgan in the amount $ 65,428.71, with a credit for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition For Contribution of Attorney's Fees and Costs filed by YARYNA CHOLACH. It is further agreed and understood that the award of attorney's fees and costs shall be reduced to Judgment and that statutory interest shall accrue on the amount of fees.

D.   YARYNA paid a retainer to the LAW FIRM OF WENDY R. MORGAN for the purpose of drafting the documents and prepare both YARYNA and otherwise prepare and provide Exhibits to the Court for the default prove-up hearing. This retainer shall be credited towards future work to perform and not to past work already

10.14.2020

performed.

E.     YARYNA shall make payments on the Judgment in the amount of $65,428.71, minus the deduction for the amount awarded against NAZAR for his contribution to her attorneys' fees and costs, in the minimum amount of $250.00 per month to the Law Firm of Wendy R. Morgan beginning on March 1. 2023 and by the 1st of each month thereafter for a period of six (6) months, which shall be further followed by a minimum payment of Five Hundred Dollars ($ 500.00) per month by YARYNA to the Law Firm of Wendy R. Morgan beginning on September 1, 2023 and continuing each month thereafter after until the full balance in the amount of $65,428.71. plus statutory interest (with a deduction for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition For Contribution of Attorney's Fees and Costs filed by YARYNA CHOLACH), is paid in full by YARYNA CHOLACH.

F. That the Law Firm of Wendy R. Morgan shall also have the right to lien the 2016 Arctic Cat Snowmobile, the 2003 Peterbilt tractor, bronze, Model 387, and the 2019 Toyota Rav 4, which Yaryna is awarded in the Default Judgment against the above Judgment. Further, Yaryna agrees to cooperate to sell the above vehicles within 90 days and to pay the proceeds from the sale of those vehicles to the Law Firm of Wendy R. Morgan to further pay down her Judgment For Attorney's Fees

G.  In the event of a sale of the real estate located at 2500 Windsor Mall Drive by YARYNA CHOLACH or by a third party or by a Court, then the Law Firm of Wendy R. Morgan shall be paid in full their Judgment of $65,428.71 plus all accrued interest, with a credit  for any amount the Court orders NAZAR to contribute to the above attorney's fees and costs at the time of the sale of the subject property.

**IT IS HEREBY ORDERED:**

1.   The Court finds that the attorney's fees and costs were reasonable and necessary under the circumstances of this case and that the remaining balance of attorney's fees and costs as of February 9, 2023 are in the amount of $65,428.71.

2.   The Court specifically and expressly approves the above amount and that Judgment be entered *instanter* against **YARYNA CHOLACH** and in favor of the Law Firm Of Wendy R. Morgan in the amount $ 65,428.71, with a credit for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition For Contribution

10.14.2020

of Attorney's Fees and Costs filed by YARYNA CHOLACH. That the award of attorney's fees and costs shall be reduced to Judgment, which shall be entered instanter and that statutory interest shall accrue on the Judgment amount of fees and costs awarded.

3. YARYNA shall make payments on the Judgment in the amount of $65,428.71 in the minimum amount of $250.00 per month to the Law Firm of Wendy R. Morgan beginning on March 1, 2023 and by the 1st of each month thereafter for a period of six (6) months, which shall be further followed by a minimum payment of Five Hundred Dollars ($ 500.00) per month by YARYNA to the Law Firm of Wendy R. Morgan beginning on September 1, 2023 and continuing each month thereafter after until the full balance in the amount of $65,428.71, plus statutory interest (with a deduction for any fees which the Court orders NAZAR CHOLACH to contribute to with respect to the Petition For Contribution of Attorney's Fees and Costs filed by YARYNA CHOLACH), is paid in full by YARYNA CHOLACH.

4. That the Law Firm of Wendy R. Morgan shall also have the right to lien the 2016 Arctic Cat Snowmobile, the 2003 Peterbilt tractor, bronze, Model 387, and the 2019 Toyota Rav 4, which Yaryna is awarded in the Default Judgment against the above Judgment. Further, Yaryna agrees to cooperate to sell the above vehicles within 90 days and to pay the proceeds from the sale of those vehicles to the Law Firm of Wendy R. Morgan to further pay down her Judgment For Attorney's Fees

5. In the event of a sale of the property located at 2500 Windsor Mall Drive by YARYNA CHOLACH or by a third party or by a Court, then the Law Firm of Wendy R. Morgan shall be paid in full their Judgment of $65,428.71 plus all accrued interest, minus a deduction for any amount the Court orders NAZAR to contribute to the above attorney's fees and costs at the time of the sale of the subject property.

6. That this Court shall conduct a hearing on the Petition for Contribution to Attorney's Fees and Costs of the Law Firm of Wendy R. Morgan filed by YARYNA CHOLACH.

7. This Order is immediately enforceable;

8. In the event **YARYNA CHOLACH** fails to make the above said payments in a timely manner, **THE LAW FIRM OF WENDY R. MORGAN** shall have the right to accelerate all payments due and to enforce the Judgment, against **YARYNA**

10.14.2020

**CHOLACH**, with any and all available remedies.

_____    
YARYNA CHOLACH                 THE LAW FIRM OF WENDY R. MORGAN
                               By: One of the Attorneys

                               ENTERED:

April 27, 2023                 *Jeanne M. Reynolds #1965*
                               _____
                                          JUDGE

THE LAW FIRM OF WENDY R. MORGAN
1845 East Rand Road, Suite 211
Arlington Heights, Illinois 60004
(847) 259-5700
lawoffice@wendymorgan.com
Attorney No. 70297

**E N T E R E D**

APR 27 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

10.14.2020

**EXHIBIT H**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 23-05510 |
| Nazar Cholach | ) | Honorable Timothy A. Barnes |
| | ) | Chapter 13 |
| Debtor(s) | ) | |

### PROPOSED ORDER

THIS MATTER COMING BEFORE THE COURT on Debtor's MOTION SEEKING

DAMAGES FOR VIOLATION OF AUTOMATIC STAY UNDER §362(k), all parties present or represented

by council, and the Court being fully advised in the premises,

THE COURT HEREBY FINDS:

1. On April 26, 2023, Debtor filed the above captioned Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. The Court has jurisdiction to hear this matter under 28 U.S.C. §1334, since it arises in this case and is related to it. This proceeding is a core proceeding.

3. Upon the filing of this case on April 26, 2023, and pursuant to 11 U.S.C. §301 and 11 U.S.C. §362(a) the automatic stay went into effect, which prevents the continuance of any judicial process that is an attempt to collect a debt.

4. Wendy Morgan is an Illinois licensed attorney practicing family law at the Law Office of Wendy Morgan and represents the Debtor's ex-wife Yaryna Cholach.

5. The Law Office of Wendy Morgan is listed as an unsecured creditor on Schedule E as a Priority Unsecured Creditor of the Bankruptcy petition, and they were properly noticed by the Court.

6. The aforementioned Schedule E with proper notice by the Court was sufficient to convey knowledge of Debtor's bankruptcy to The Law Office of Wendy Morgan. *See Will v. Ford Motor Credit Co., (in re Will),* 303 B.R. 357, 364 (Bankr. N.D.I11. 2003)("[U]nofficial oral or written notice of a bankruptcy filing is legally sufficient to convey knowledge of the automatic stay").

7. Despite notice of the Bankruptcy, The Law Office of Wendy Morgan violated the automatic stay by refusing to voluntary dismiss an ongoing warrant for arrest against the Debtor and proceeded with a Petition for Entry of Agreed Consent Judgment for Attorneys' Fees and Costs.

8. On April 27, 2023, The Law Firm of Wendy Morgan entered an Agreed Consent Order for Attorney's Fees and Costs.

9. The Agreed Consent Order for Attorney's Fees and Costs requires the client of The Law Office of Wendy Morgan to pay $65,428.71 in attorney's fees and costs.

10. The aforementioned amount includes $29,909.00 of a total $32,409.00 that was previously entered against Debtor and is a part of the contempt order.

11. Furthermore, as a result of Wendy Morgan's petition, the State Court awarded a judgment in favor of The Law office of Wendy Morgan for attorneys' fees and costs of $65,428.71 against her client with a credit for any fees which the Court ordered the Debtor to contribute.

12. In that judgment the Court allowed The Law Office of Wendy Morgan to lien certain property that belongs to the Debtor and ordered to sell the property within 90 days of the order.

13. In that judgment the Court also allowed the judgment of $65,428.71 to be recorded against the marital estate.

14. Debtor's name is listed on the deed and mortgage to the aforementioned property.

15. Finally, the Court further stated that such order "is immediately enforceable."

16. The Law Office of Wendy Morgan filed this petition after it received the notice of bankruptcy.

17. The Agreed Consent Order was entered after the Law Office of Wendy Morgan received a notice of bankruptcy.

18. Even though the State Court entered a judgment against the client of the Law Office of Wendy Morgan it purports to collect against the Debtor and violates the automatic stay.

19. The Law Office of Wendy Morgan should immediately file a motion to dismiss the Order of Contempt and Recall the Body Attachment against the Debtor and Vacate any judgment that was entered against the Debtor after the date of filing for chapter 13 bankruptcy.

20. An automatic stay violation is willful if the creditor (1) had actual knowledge of the debtor's bankruptcy case, and (2) committed a deliberate act against the debtor despite said knowledge. *In re Will*, at 363.

21. Here, Law Office of Wendy's conduct constitutes a willful violation of 11 U.S.C. § 362(k) as they were first given notice on April 26, 2023, of Debtor's bankruptcy.

22. The very next day The Law Office of Wendy Morgan entered an Agreed Consent Order for Attorney's Fees and Costs and obtained to place a lien against certain properties of the Debtor.

23. Despite the notice of the bankruptcy, The Law Office of Wendy Law Office of Wendy Morgan have refused to comply with the automatic stay and continued with the attempt to collect $65,428.71 from the Debtor.

24. That Debtor has actual damages from The Law Office of Wendy Morgan's willful stay violation in the amount of the attorney's fees associated with counsel's drafting of this Motion and preparation and attendance at the hearing.

25. Debtors' counsel is also entitled to attorneys' fees, pursuant to § 362(k).

26. The Debtor has also incurred the stress and worry associated with the continued threats of

her husband's attorney by the continued pursuit of the Rule to show cause that the Debtor will end up in lock up.

BASED UPON THESE FACTS THE COURT FURTHER FINDS:

A. The Law Office of Wendy Law Office of Wendy Morgan have refused to comply with the automatic stay therefore, willfully violated title 11 U.S.C. § 362(k);

B. The Law Office of Wendy Morgan is ordered to dismiss the order of contempt, recall the body attachment against the Debtor and vacate the Agreed Consent Order;

C. The Law Office of Wendy Morgan is ordered to pay Debtor's counsel attorney's fees, in an amount to be proven up;

D. The Law Office of Wendy Morgan is ordered to pay Debtors punitive damages in an amount to be set by this Honorable Court; and

E. For such other and further relief this Court deems just and proper.

THEREFORE, IT IS HEREBY ORDERED:

That the instant matter is set for further hearing on the exact damages incurred by the Debtor on _____ at _____

DATE: _____          JUDGE: _____
                                        TIMOTHY A. BARNES


                                 ENTER:




Prepared by:
**The Law office of Fedor Kozlov, P.C.**
Attorney for Nazar Cholach
1990 E. Algonquin Road, suite 100
Schaumburg, Illinois 60173
P: 847.241.1299 | F: 847.241.1166
Fedor@nslslaw.com
ARDC: 6301810