IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) Case No 23-05510 |
| NAZAR CHOLACH | ) Honorable Timothy A. Barnes |
| | ) Chapter 13 |

**OBJECTION TO MOTION FOR SANCTIONS
PURSUANT TO 11 USC §362(k) AND FOR SANCTIONS
AGAINST THE LAW OFFICES OF FEDOR KOZLOV**

NOW COMES the Law Firm of Wendy R. Morgan and as and for their OBJECTON to the baseless Motion For Sanctions Pursuant To 11 U.S.C. Section 362 (K) filed by the Law Offices of Fedor Kozlov, on behalf of the Debtor, NAZAR CHOLACH, (hereinafter NAZAR), and states as follows:

1. That all the Orders entered against NAZAR in his paragraphs 1 through 3 of his Motion For Sanctions Pursuant To 11 U.S.C. Section 362 (K) were all entered several months prior to Debtor filing his Chapter 13 and are all domestic support obligations.

2. NAZAR appealed the Contempt order, the Attachment for the Contempt Order, and the Default Judgment but completely failed to obtain any stay of the Contempt Order, the Attachment for the Contempt Order and/or the Default Judgment

3. As stated above, both the Contempt Order and the Attachment for the Contempt Order were for Domestic Support Obligations; which NAZAR willfully failed to pay. NAZAR properly listed the contempt order and attachments order payments in his Chapter 13 Petition and properly designated it in his Schedule E/F as domestic support obligations. As explained in In re Welsch, 602 B.R. 6782 (Bankr. N.D. 2019) The automatic stay in 11 U.S.C. **Section 362(a)** also does not apply to the collection of domestic support obligations from property that is not property of the bankruptcy estate.

4. NAZAR falsely claims that the Law Firm of Wendy R. Morgan violated the automatic stay by refusing to voluntarily dismiss an ongoing warrant for arrest against NAZAR for willfully failing to pay his domestic support obligations and proceeded with the entry of a Consent Judgment and Attorney's Fees and Costs.

1

5. Contrary to NAZAR's completely false claims, The Law Firm of Wendy R. Morgan has and had no legal obligation to file any pleading with the Circuit Court to dismiss contempt orders and attachment orders regarding NAZAR's willful failure to comply with his domestic support obligations in the Dissolution of Marriage proceedings to Debtor's ex-wife, YARYNA CHOLACH, (hereinafter YARYNA). These domestic support obligations were entered months before NAZAR's Chapter 13 petition was filed and the automatic stay does not apply to Domestic Support Obligations.

6. It is more disturbing that NAZAR completely fails to advise this Court that he previously filed an Emergency Motion To Vacate An Order of Contempt, Recall Body Attachment and Stay the Default Judgment on May 3, 2023, which the Circuit Court did not deem to be an emergency matter and set a future date for presentment of that Emergency Motion on May 16, 2023. A copy of that Emergency Motion is herein and attached as **Exhibit "A"**. A copy of the Circuit Court order setting the future date for presentment of NAZAR's Emergency Motion on May 16, 2023, was entered on May 5, 2023 is herein attached and marked as **Exhibit "B"**. NAZAR then sent a proposed agreed order to the Law Firm of Wendy R. Morgan on May 12, 2023 requesting an agreement to allow NAZAR to voluntarily withdraw his Emergency Motion. The parties agreed to the voluntary dismissal of NAZAR's Emergency Motion. The Agreed Order was then sent by NAZAR's counsel to the Circuit Court on May 12, 2023 and was entered on May 15, 2023. A copy of that order is herein attached and marked as **Exhibit "C"**. On the same date, on May 12, 2023, that NAZAR's counsel sent the proposed Agreed Order to The Law Firm of Wendy R. Morgan requesting they agree that he withdraw NAZAR's Emergency Motion in the Circuit Court. NAZAR's counsel, filed NAZAR's frivolous and baseless Motion For Sanctions with the Bankruptcy Court. The Bankruptcy Court's electronic filing system rejected NAZAR's Motion For Sanctions on May 12, 2023 and NAZAR's counsel then refiled NAZAR's Motion For Sanctions on May 18, 2023. A copy of the Court order proving that NAZAR voluntarily withdrew the same Motion he accuses the Law Firm of Wendy R. Morgan of refusing to draft and file, is herein attached and marked as **Exhibit "C"**. If it was so important to NAZAR that he receive relief from the Circuit Court, it makes no sense that NAZAR would on the same day send a proposed Agreed Order to voluntarily withdraw NAZAR's Emergency Motion and then the same day file in Bankruptcy Court a Motion for Sanctions falsely accusing the Law Firm of Wendy R. Morgan of refusing to file the same

2

Motion the Debtor's Attorney voluntarily withdrew. This blatant bad faith conduct exemplifies and only optimizes the malicious, harassing, and improper conduct by NAZAR and his Circuit Court counsels, the Law Offices of Fedor Kozlov throughout the litigation in the Dissolution of Marriage proceeding.

7.  NAZAR also falsely accuses the Law Firm of Wendy R. Morgan of entering an Agreed Consent Order for Attorney's Fees and Costs with YARYNA as a violation of the Automatic Stay under NAZAR's Chapter 13 Petition. The Agreed Consent Order, which was attached by NAZAR to his Motion For Sanctions as **Exhibit "F"** has nothing at all to do with NAZAR. The Agreed Consent Order is only between the Law Firm of Wendy R. Morgan and their client, YARYNA CHOLACH. The attorney's fees and costs NAZAR speaks of in his Paragraph 13 of his Motion in the Agreed Consent Order was only entered by the Circuit Court against YARYNA, not against NAZAR. The Agreed Consent Order only talks about a potential future credit to YARYNA if the Circuit Court were to hold a hearing and determine NAZAR should contribute to YARYNA's attorney's fees and costs from the Dissolution proceeding, but that hearing was suspended by the filing of NAZAR's Chapter 13 Petition on April 26, 2023. A copy of the Order suspending the hearing on NAZAR's Contribution to YARYNA's Attorneys Fees with the Law Firm of Wendy R. Morgan is herein attached and marked as **Exhibit "D"**, entered on May 3, 2023. Therefore, the Law Firm of Wendy R. Morgan did not make any effort to proceed to hearing on its Petition For Contribution from NAZAR to their Fees against NAZAR and entered an order stopping those proceedings due to the Chapter 13 filing.

8.  In addition, the Agreed Consent Order entered in the Circuit Court only allows the Law Firm of Wendy R. Morgan to lien property awarded to their client, YARYNA and not to any property of NAZAR's Bankruptcy estate. There is no longer any marital property because the Circuit Court made a final decision and entered a final Default Judgment on February 22, 2023, which NAZAR admitted in paragraph 3 of his Motion For Sanctions. NAZAR also admits that the Court denied his Motion to Vacate the Default Judgment at the Circuit Court hearing on March 20, 2023. A copy of that order is herein attached and marked as **Exhibit "E"**. NAZAR filed an appeal of the Circuit Court's Order of March 20, 2023, but completely failed to file a necessary pleading to obtain a Stay of Enforcement Pending Appeal from the Appellate Court after the Circuit Court denied NAZAR a stay of enforcement.

9. Since the Default Judgment Of Dissolution Of Marriage is now a final Judgment, all the awards of property in that Default Judgment Of Dissolution Of Marriage are final. All of these awards were awarded months before NAZAR filed his Chapter 13 Petition. NAZAR attached a copy of the Default Judgment Of Dissolution Of Marriage to his Motion For Sanctions Pursuant To 11 U.S.C. Section 362 (K), as his **Exhibit "C"**.

10. As a result of the above, all the property in the Agreed Consent Judgment between the Law Firm of Wendy R. Morgan and YARYNA which allowed the Law Firm of Wendy R. Morgan to lien property was properly awarded only to YARYNA under the Default Judgment Of Dissolution Of Marriage. None of the property awarded to YARYNA under the Default Judgment Of Dissolution Of Marriage is in any way, property of NAZAR or his Bankruptcy Estate. The fact that NAZAR improperly listed some of the property awarded to YARYNA under the Default Judgment Of Dissolution Of Marriage as property of his Chapter 13 Bankruptcy Estate on his Bankruptcy Schedules, does not make it property of his estate, The Default Judgment Of Dissolution Of Marriage controls the award of ownership of that property. Therefore, the Agreed Consent Judgment does not allow the Law Firm of Wendy R. Morgan to lien or sell any property awarded to NAZAR. The Agreed Consent Judgment between the Law Firm Of Wendy R. Morgan and YARYNA is not in violation of the Automatic Stay and has nothing whatsoever to do with NAZAR or his Chapter 13 Bankruptcy Estate.

11. NAZAR also incorrectly and improperly lists a vehicle, a 2013 Mini Cooper automobile in his Chapter 13 Bankruptcy Schedules as his property despite the fact that the 2013 Mini Cooper automobile was awarded to YARYNA by the Default Judgment Of Dissolution Of Marriage. The 2013 Mini Cooper automobile is the car which the parties' oldest minor child drives. Whether the car is still in titled NAZAR's name is irrelevant since the Court awarded the 2013 Mini Cooper automobile it to YARYNA in the Default Judgment Of Dissolution Of Marriage entered in February 2023.

12. NAZAR incorrectly and improperly lists the condominium real estate located at 2500 Windsor Mall, in Park Ridge as his property but that real estate was awarded only to YARYNA as her sole property by the Default Judgment of Dissolution Of Marriage. The fact the Circuit Court has not yet signed the Judicial Deed to the condominium real estate located at 2500 Windsor Mall, in Park Ridge yet doesn't make it property of NAZAR's Chapter 13 Bankruptcy Estate.

13. It should be also noted that NAZAR failed to even disclose in his Chapter 13 Petition, the real estate which was awarded to him by the Default Judgment of Dissolution Of Marriage. He also completely failed to disclose all the other many vehicles he was awarded in the Default Judgment of Dissolution Of Marriage and he also completely fails to disclose that he sold a vehicle(s) within the last few months before he filed his Chapter 13 and failed to disclose those transactions in his Statement Of Financial Affairs in his Chapter 13 Petition.

14. Further, NAZAR also completely fails to disclose that he hasn't paid any child support and alimony Ordered by the Court in the Default Judgment for his Domestic Support Obligations under the Default Judgment of Dissolution Of Marriage in February, 2023. NAZAR Domestic Support Obligations under the Default Judgment of Dissolution Of Marriage of February, 2023 consist of a payment obligation of $3,417.00 per month for alimony and a payment obligation of $1,616.00 a month for child support for his two minor children. NAZAR never paid a dime.

15. In addition, NAZAR also completely fails to disclose that he has also willfully failed to pay mortgage payments, HOA payments and utility payments for the support of his family pursuant to other prior Court orders.

16. The Law Firm of Wendy R. Morgan has not recorded any liens against any property at this time but has the right to do so with respect to property awarded to their client, YARYNA CHOLACH.

17. As a result of all of the above, all the claims in NAZAR's paragraphs 9-32 are false, frivolous, and baseless allegations. Nothing in the Agreed Consent Judgment purports to collect anything from NAZAR. These allegations were falsely made and are frivolous and baseless.

18. There is absolutely no violation of the automatic stay order by the Law Firm of Wendy R. Morgan and all of NAZAR's allegations are false, frivolous, baseless and unwarranted. The Law Office of Fedor Kozlov's conduct is in direct willful violation of Federal Rule 11.

19. The Law Firm of Wendy R. Morgan has absolutely no legal obligation to file any Motion To Dismiss the Order of Contempt and Recall the Body Attachment against NAZAR and Vacate any Agreed Consent Order entered in the Circuit Court which is only with regard to YARYNA CHOLACH, and which is the Agreed Consent Order.

20. The Law Firm of Wendy R. Morgan has not made any effort to pursue NAZAR for collection of their fees or the $65,428.71 entered only against YARYNA since NAZAR filed his Chapter 13 Bankruptcy. NAZAR's allegations of collection action against him by the Law Firm Of Wendy R. Morgan are blatant false allegations which must also be sanctioned by this Court against the Law Office of Fedor Kozlov for their constant violations of Federal Rule 11.

WHEREFORE, THE LAW FIRM OF WENDY R. MORGAN prays this Honorable Court for the Following Relief:

A. That this Court find that The Law Firm of Wendy R. Morgan has not violated the automatic stay in this case.

B. That NAZAR's Motion for Sanctions Pursuant to 11 U.S.C. **§362(k)** is denied and dismissed with prejudice.

C. That this Honorable Court find that the Motion filed by the Law Offices of Fedor Kozlov is baseless, frivolous, unwarranted and contains willful false allegations in violation of Federal Rule 11.

D. That the Law Offices of Fedor Kozlov be ordered to pay attorney's fees and costs to the Law Firm of Wendy R. Morgan for all time they have had to expend to have to Object and Respond to this baseless, meritless, frivolous, false and unwarranted Motion and to have to argue they're against the Law Office of Fedor Kozlov.

E. For such further and additional relief as the Court deems fit and appropriate.

/s/ Wendy R. Morgan
THE LAW FIRM OF WENDY R. MORGAN
1845 E. Rand Road, Suite 211
Arlington Heights, IL 60004
847-259-5700
lawoffice@wendymorgan.com

6

## Certification of Service

   The undersigned, an attorney, certifies that she transmitted a copy of the **OBJECTION TO MOTION FOR SANCTIONS PURSUANT TO 11 USC §362(k) AND FOR SANCTIONS AGAINST THE LAW OFFICES OF FEDOR KOZLOV** via email and regular U.S. Mail with postage prepaid from the mailbox located at 1845 East Rand Road, Arlington Heights, IL 60004 to all on the attached service list on **May 26, 2023**. Furthermore, I certify that Thomas H. Hopper, Chapter 13 Trustee and Debtor's attorneys were notified via ECF notification on the **26th day of May, 2023**.

/s/ Wendy R. Morgan
Wendy R. Morgan
The Law Firm of Wendy R. Morgan
1845 E. Rand Rd., Suite 211
Arlington Heights., IL 60004
847-259-5700
lawoffice@wendymorgan.com

## Attached Service List

**VIA USPS**
**VIA Email**: thomas.h.hooper@chicagoch13.com
Thomas H. Hooper
Office of the Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603

**VIA USPS**
**VIA Email**: david.freydin@freydinlaw.com
David Freydin
Law Offices of David Freydin Ltd
8707 Skokie Blvd, Suite 312
Skokie, IL 60077

**VIA USPS**
**VIA Email**: fedor@nslslaw.com
Fedor Kozlov
Law Office of Fedor Kozlov, P.C.
1990 E. Algonquin Rd., Suite 100
Schaumburg, IL 60173